IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**U.S. Bank National Association**
*in its capacity as Trustee for the
Registered Holders of LB-UBS Commercial
Mortgage Trust 2007-C2, Commercial
Mortgage Pass-Through Certificates,
Series 2007-C2*

v.  Civil Action No. 17-cv-03952

**Walnut Valley Park, Inc.**

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF CASTRO AFFIDAVIT

Comes now the respondent, Walnut Valley Park, Inc. ("Walnut Valley Park"), defendant in the above styled civil action, by its counsel, Suzanne Jett Trowbridge and the law firm of Goodwin & Goodwin, LLP and submits this Memorandum in support of its Motion to Strike Portions of Castro Affidavit (the "Motion to Strike").

### STATEMENT OF RELEVANT FACTS

1. In Count II of the Complaint, U.S. Bank National Association ("Plaintiff") requests the appointment of a receiver over Walnut Valley Park's two mobile home parks and rents derived therefrom. (Dkt. 1, ¶¶31-35.)

2. In furtherance of its request in Count II, Plaintiff filed Plaintiff's Emergency Motion for Appointment of a Receiver (the "Emergency Motion"). (Dkt. 4.)

3. In support of its Emergency Motion, Plaintiff attached to its motion Ana G. Castro's Affidavit in Support of Plaintiff's Emergency Motion for Appointment of a Receiver (the "Affidavit"). (Dkt. 4-3)

4. In the Affidavit, Ana G. Castro ("Castro") avers that she is the asset manager for the servicer of the subject loan. (Dkt. 4-3, ¶ 1.)

1

5. Castro further avers that "[a]s to the facts in this Affidavit, I know them to be true to my own knowledge, from my review of the business records of Plaintiff concerning the Loan Documents executed by Borrower . . . and through employees under my supervision who act at my direction." (*Id.* at ¶ 2.)

6. In Paragraph Number 20, Castro avers that "Lender understands that the combined value of the property at this time is less than $1 million. (*Id.* at ¶ 20.)

7. In Paragraph Number 21, Castro avers that "Plaintiff understands that the total revenue from the Property each month is approximately $13,500 . . . ." (*Id.* at ¶ 21.)

8. In Paragraph Number 21, Castro concludes that "therefore, Defendant is improperly retaining and diverting revenues." (*Id.*)

Paragraphs Number 20 and 21 of the Affidavit are not based on admissible evidence but rather are hearsay, speculation, and conclusions and Walnut Valley Park requests that Paragraph 20 and the last sentence of Paragraph Number 21 be stricken from the Affidavit.

## ARGUMENT

### A. An affidavit must be based on personal knowledge.

When a motion relies on facts outside of the record, Rule 43(c) of the Federal Rules of Civil Procedure allows a court "hear the matters on affidavits." This Rule commonly is used to "resolve preliminary matters." *Soutter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 129 (E.D. Va. 2014). However, affidavits most often are used as support for motions for summary judgment. *Cline v. Harmon*, Civil Action No. 5:11-0870, 2012 U.S. Dist. LEXIS 124935, at *6 (S.D. W. Va. 2012).

> [T]he Federal Rules of Civil Procedure do not provide criteria for the admissibility of affidavits that are tendered for use in deciding motions under the authority conferred by Rule 43(c). Fed. R. Civ. P. 56(c)(4) is the only rule that enunciates criteria for affidavits . . . to be used in any motion. The terms set by Rule 56(c)(4) are that "[a]n affidavit or declaration . . . must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

*Soutter*, 299 F.R.D. at 129 (citing *Sjoblom v. Charter Communications, LLC*, 2007 U.S. Dist. LEXIS 93879, 2007 WL 4560541, at *10 (W.D. Wis. Dec. 19, 2007)).

> In *Payne v. Pauley*, the Seventh Circuit noted that affidavits must be
>
> based on personal knowledge as required by both . . . Rule 56(e) ("supporting and opposing affidavits shall be made on personal knowledge"), and by the Federal Rule of Evidence 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

*Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003).

Paragraphs Number 20 and 21, <u>on their face</u>, do not meet the required criteria because Castro baldly avers that they are based on Plaintiff's understanding, not her own, personal knowledge. In fact, Paragraphs Number 20 and 21 are not based on Plaintiff's knowledge, only on Plaintiff's "understanding", as conveyed to Castro. Walnut Valley Park therefore requests that all averments based on Plaintiff's understanding be stricken from the Affidavit.

### A. *An affidavit cannot be conclusory.*

Conclusory averments in affidavits are insufficient and may be stricken. *State ex rel. Cty. Comm'n v. McCoy*, 160 W. Va. 540, 546-47, 236 S.E.2d 217, 221 (1977); *see also Cline*, 2012 U.S. Dist. LEXIS 124935, at *6; *McClung v. Lab. Corp. of Am. Holdings*, Civil Action No. 2:06-0336, 2007 U.S. Dist. LEXIS 102611, at *5-6 (S.D. W. Va. 2007); *Wane v. Loan Corp.*, 926 F. Supp. 2d 1312, 1317 (M.D. Fla. 2013) ("This Court may strike an affidavit when it is a conclusory argument rather than a statement of fact"). While reasonable inferences are permissible, "those inference must be grounded in observation or first-hand personal experience. They must not be flights of fancy [or] speculations." *Payne*, 337 F.3d at 772.

Castro's conclusion that Walnut Valley Park has improperly retained revenue is not based on Castro's personal knowledge, but instead of Plaintiff's understanding. Therefore, the last sentence of Paragraph Number 21 must be dismissed in its entirety.

## CONCLUSION

The Affidavit contains in Paragraphs Number 20 and 21, statements based on the "understanding" of others and makes conclusory statements based on that understanding. Therefore, Walnut Valley Park respectfully requests that the entirety of Paragraph Number 20 and the last sentence of Paragraph Number 21 be stricken from the Affidavit.

Walnut Valley Park, Inc.
By Counsel

_____
Suzanne Jett Trowbridge, (WV #4261)
Goodwin & Goodwin, LLP
P.O. Box 2107
Charleston, WV 25328-2107
Telephone: 304-346-7000
Telefax: 304-344-9692
sjt@goodwingoodwin.com